UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:23-cr-385-VMC-CPT
 18 U.S.C. § 2251(a)
JUSTIN RYAN CULMO (Production of Child
a/k/a "Avalanche" or "TheRealAvalanche" Pornography)
 18 U.S.C. § 2252(a)
 (Distribution of Child
 Pornography)
 18 U.S.C. § 2252(a)(4)(B)
 (Possession of Child
 Pornography)
 18 U.S.C. § 2252A(a)(7)
 (Production of Child
 Pornography that is an Adapted
 or Modified Depiction of a
 Minor)

## SUPERSEDING INFORMATION

The Grand Jury charges:

## COUNT ONE
**(Production of Child Pornography)**

In or about 2012, in the Middle District of Florida, and elsewhere, the

defendant,

JUSTIN RYAN CULMO
a/k/a "Avalanche" or "TheRealAvalanche",

did employ and use a minor, that is, Minor Victim 1, to engage in any sexually

explicit conduct for the purpose of producing a visual depiction of such conduct,

knowing and having reason to know that such visual depiction was produced using

materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT TWO
### (Distribution of Child Pornography)

From an unknown date, but no later than in or about 2014, in the Middle District of Florida, and elsewhere, the defendant,

JUSTIN RYAN CULMO
a/k/a "Avalanche" or "TheRealAvalanche",

did knowingly distribute a visual depiction of Minor Victim 1 using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

## COUNT THREE
### (Production of Child Pornography)

In or about September 2018, in the Middle District of Florida, and elsewhere, the defendant,

JUSTIN RYAN CULMO
a/k/a "Avalanche" or "TheRealAvalanche",

did employ and use a minor, that is, Minor Victim 2, to engage in any sexually

explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FOUR
### (Production of Child Pornography)

In or about August 2023, in the Middle District of Florida, and elsewhere, the defendant,

JUSTIN RYAN CULMO
a/k/a "Avalanche" or "TheRealAvalanche",

did employ and use a minor, that is, Minor Victim 3, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FIVE
### (Possession of Child Pornography)

From an unknown date, but no later than in or about September 2023, in the Middle District of Florida, and elsewhere, the defendant,

JUSTIN RYAN CULMO
a/k/a "Avalanche" or "TheRealAvalanche",

did knowingly possess matters which contained a visual depiction that had been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct, and the depiction involved a prepubescent minor and a minor who had not attained 12 years of age.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## COUNT SIX
### (Production of Child Pornography that is an Adapted or Modified Depiction of a Minor)

From in or about January 2021, through in or about September 2023, in the Middle District of Florida, and elsewhere, the defendant,

JUSTIN RYAN CULMO
a/k/a "Avalanche" or "TheRealAvalanche",

did knowingly produce with the intent to distribute, by any means, including a computer, in or affecting interstate or foreign commerce, child pornography that is an adapted or modified depiction of an identifiable minor.

In violation of 18 U.S.C. § 2252A(a)(7).

## FORFEITURE

1. The allegations contained in Counts One through Six are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. §§ 2251, 2252 and/or 2252A, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following: ASUS Laptop (SN: DCN0BC01523149D); Acer Laptop; Toshiba Laptop; iMac (Model A1207); MSI Desktop; Olympus camera; Y14K Action camera; Canon EO5; four Maxi 4K cameras; Mate AM camera; Viofo A139 Dash camera; Viofo 4K UHD dash camera; no name dash camera; 2241K camera; camera (MN: UVC-G3-FLEX); four CDs; four floppy drives; two MP3/Audio players; four Western Digital hard drives; Hitachi hard drive; Maxtor hard drive; three Seagate hard drives; three Vantec hard drive; Kingston hard drive; Baro hard drive; Qmap storage media; black LG cell phone; rose gold iPhone; Samsung Galaxy S9 cell phone; surveillance camera housing unit; PlayStation 2; PlayStation memory card; Micro SD card; two encryption keys; two SD cards; five thumb drives; and Tablet with pink and purple

case.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

ROGER B. HANDBERG
United States Attorney

By: _____
Abigail K. King
Assistant United States Attorney

By: _____
Michael C. Sinacore
Assistant United States Attorney
Chief, Special Prosecutions Section