UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                         CASE NO. 8:23-cr-385-VMC-CPT

JUSTIN RYAN CULMO
a/k/a "Avalanche" or "TheRealAvalanche"

**UNITED STATES' MOTION FOR
PRELIMINARY ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. § 2253 and Federal Rules of Criminal Procedure 32.2(b)(2), to enter a preliminary order of forfeiture for the following assets, seized from the defendant on or about September 26, 2023:

a. ASUS Laptop (SN: DCN0BC01523149D);

b. Acer Laptop;

c. Toshiba Laptop;

d. iMac (Model A1207);

e. MSI Desktop;

f. Olympus camera;

g. Y14K Action camera;

h. Canon EO5;

i. four Maxi 4K cameras;

j. Mate AM camera;

k. Viofo A139 Dash camera;

l. Viofo 4K UHD dash camera;

m. no name dash camera;

n. 2241K camera;

o. Camera (MN: UVC-G3-FLEX);

p. four CDs;

q. four floppy drives;

r. two MP3/Audio players;

s. four Western Digital hard drives;

t. Hitachi hard drive;

u. Maxtor hard drive;

v. three Seagate hard drives;

w. three Vantec hard drives;

x. Kingston hard drive;

y. Baro hard drive;

z. Qmap storage media;

aa. Black LG cell phone;

bb. Rose gold iPhone;

cc. Samsung Galaxy S9 cell phone;

dd. Surveillance camera housing unit;

ee. PlayStation 2;

ff. PlayStation memory card;

gg. Micro SD card;

    hh.    two encryption keys;

    ii.    two SD cards;

    jj.    five thumb drives; and

    kk.    a Tablet with pink and purple case.

In support, the United States submits the following.

## MEMORANDUM OF LAW

### I.   Statement of Facts

#### A.   Allegations Against the Defendant

1. The defendant was charged in a Superseding Information with three counts of production of child pornography, in violation of 18 U.S.C. § 2251(a); one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2); one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B); and one count of production of child pornography that is an adapted or modified depiction of a minor, in violation of 18 U.S.C. § 2252A(a)(7). Doc. 60.

2. The Superseding Information contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. § 2253, the United States would seek to forfeit the electronic equipment identified on pages one through three, above. *Id.* at 4-6.

#### B.   Finding of Guilt and Admissions Related to Forfeiture

3. On December 5, 2024, without the benefit of a plea agreement, the defendant pled guilty to Counts One through Six of the Superseding Information.

3

Docs. 68, 69. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 70.

4. As the United States' Amended Notice of Maximum Penalties, Elements of Offense, Personalization of Elements, and Factual Basis, and the defendant's plea established, the defendant produced, distributed and possessed child pornography. Doc. 63 at 6-13. On September 26, 2023, law enforcement executed a search warrant at the defendant's residence and seized, among other things, the electronic equipment, identified above, which all had connection to child sexual abuse material. *Id.* at 7-8. Overall, across the defendant's various devices and while within the Middle District of Florida, the defendant possessed approximately 85,890 images of child pornography and 845 videos of child pornography. *Id.* at 14. The defendant also possessed approximately 8,500 artificial intelligence generated images of child pornography. *Id.*

## II. Applicable Law

Pursuant to 18 U.S.C. § 2253, the United States is authorized to forfeit any property used, or intended to be used, to commit or to promote the commission of child pornography offenses, or any property traceable to such property.

Rule 32.2(b)(1) provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the requisite nexus between the property and the defendant's crime. Fed. R. Crim. P.

32.2(b)(1). The Court must do so as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted. Fed. R. Crim. P. 32.2(b)(1)(A).

The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As was established by the defendant's plea and in the United States' Amended Notice of Maximum Penalties, Elements of Offense, Personalization of Elements, and Factual Basis, the defendant produced, distributed, and possessed child pornography, and used the electronic equipment identified above to commit these offenses. Therefore, the assets are subject to forfeiture pursuant to 18 U.S.C. § 2253.

### III. Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2), the Court enter a preliminary order of forfeiture for the assets identified above. The United States further requests that the preliminary order of forfeiture become final as to the defendant at sentencing.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party files a claim in an ancillary proceeding under Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the preliminary order of forfeiture in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

Because the Preliminary Order of Forfeiture forfeits only the defendant's interest in the assets, the United States further requests that the Court retain jurisdiction to address any third-party claim that may be filed in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

          Respectfully submitted,

          ROGER B. HANDBERG
          United States Attorney

By:   s/*Suzanne C. Nebesky*
      SUZANNE C. NEBESKY
      Assistant United States Attorney
      Fla. Bar No. 59377
      400 N. Tampa Street, Suite 3200
      Tampa, Florida 33602
      Tel:   (813) 274-6000
      E-mail: suzanne.nebesky@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

s/*Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney
