UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

vs.                                   **Case No. 8:23-cr-385-VMC-CPT**

**JUSTIN RYAN CULMO**
_____

## APPENDIX

Expert Reports ............................................................................................. A
Dr. Valerie McClain ..................................................................................A-1
Dr. Eric Imhof ..........................................................................................A-2

Letter ........................................................................................................... B
Justin Culmo .............................................................................................B-1

# Valerie R. McClain, Psy.D.

**Licensed Psychologist #PY0005178**
P.O. Box 260878, Tampa, FL 33685-0878
Pager: (727) 508-4298
Email: vraemac@aol.com

FORENSIC PSYCHOLOGICAL EVALUATION

NAME:  Justin Culmo
AGE:  40
DOB:  ▓▓▓/1984
DATE OF EVALUATION:  09/17/2024
PLACE OF EVALUATION:  Hernando County Jail

## REFERRAL

The defendant was referred for a confidential evaluation to assess mitigating factors for sentencing and to determine if he is on the Autism Spectrum.  He was referred by his attorney, Nicole Hardin, Assistant Federal Defender (Case No:  8:23CF385VMC-CPT).

## TESTS AND PROCEDURES ADMINISTERED

1. Clinical Interview with defendant and his mother
2. Review of documents including Indictment
3. Mental Status Exam
4. Gilliam Autism Rating Scale (GARS-3)

## HISTORY AND BACKGROUND INFORMATION

According to documents reviewed by this examiner, he is charged with Possession, Distribution, and Production of Child Pornography.  His prior criminal history was reviewed.  He reported the significant medical history of sustaining a head injury at age six when he went over the handlebars of his bicycle.  He denied loss of consciousness.  He was tested for Epilepsy in 1991/1992.  He reported suffering seizures secondary to light sensitivity.  He has been involved in motorcycle accidents with resulting shattered elbow and fractured ankle.  He has gout and is prescribed Allopurinol in the past.  Regarding psychiatric issues, he reported being diagnosed with Attention Deficit Hyperactivity Disorder, Oppositional Defiant Disorder, Social Anxiety Disorder, and possible Autism.  He has been prescribed Ritalin in the past.  He participated in marital counseling in July 2018 with Elaine Burman.  He also reported seeing Sandra Orr in 2020-21 when his daughter was born ▓▓▓▓▓▓▓ related to his wife's depression and parenting issues.  Regarding substance abuse issues, he reported using alcohol and marijuana rarely.

Forensic Psychological Evaluation
Re: Culmo, Justin – Page 2

Mr. Culmo has been married for almost six years. They are in the process of divorcing. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ He was born and raised in Plantation, Florida by his biological mother. He has two half-brothers and one half-sister. He denied any personal history of physical or sexual abuse. He reported a family history of mental health illness. He denied any family history of substance abuse issues.

Mr. Culmo graduated from high school earning a regular diploma. He was placed in classes to provide accommodation for his attention deficits. He earned his Bachelor of Science in Mechanics Engineering from the University of Central Florida. He reported prior employment as a mechanical engineer for five-and-a-half years. He does not receive Social Security Disability payments.

MENTAL STATUS AND BEHAVIORAL OBSERVATIONS

Mr. Justin Culmo is a 40-year-old male who was seen in an examination room at Hernando County Jail. He was oriented with respect to person, place, purpose, and time. His thought processes were clear, logical, and goal directed. His speech and language were slowed. Speech and language were within normal limits. He denied any history of auditory or visual hallucinations, as well as any paranoid ideation. He reported a history of depression and social anxiety. He denied any history of suicidal ideation, intent, or plan. He denied any history of homicidal ideation, intent, or plan. He reported experiencing a good appetite pattern. He reported experiencing a good sleep pattern. Based on observations during this interview and his academic and vocational background, his estimated intelligence level is likely in the above average range. Results from this evaluation can be viewed as a valid indicator of his current level of functioning.

TEST RESULTS

The GARS-3 assess difficulties in six areas including Restricted/Repetitive Behaviors, Social Interaction, Social Communication, Emotional Responses, Cognitive Style, and Maladaptive Speech. He was found to have difficulties in all six areas.

Mr. Culmo showed difficulties in six items in Restricted/Repetitive Behaviors including is preoccupied with specific stimuli that are abnormal in intensity, stares at hands, objects, or items in the environment for at least five seconds, uses toys or objects inappropriately, does certain things repetitively, ritualistically, shows unusual interest in sensory aspects of play materials, body parts, or objects, and displays ritualistic or compulsive behaviors.

Mr. Culmo showed difficulties in eight items in Social Interaction including does not initiate conversations with peers or others, seems indifferent to other person's attention, shows minimal expressed pleasure when interacting with others, seems unwilling or

Forensic Psychological Evaluation
Re: Culmo, Justin – Page 3

reluctant to get others to interact with him, displays little or no reciprocal social communication, doesn't try to make friends with other people, fails to engage in creative imaginative play, and shows little or no interest in other people.

Mr. Culmo showed difficulties in seven items in Social Communication including has difficulty understanding slang expressions, has difficulty identifying when someone is teasing, has difficulty understanding when he is being ridiculed, has difficulty understanding what causes people to dislike him, fails to predict probable consequences in social events, doesn't seem to understand that people have thoughts and feelings different from his, and doesn't seem to understand that the other person doesn't know something.

Mr. Culmo showed difficulties in eight items in Emotional Responses including needs an excessive amount of reassurance if things are changed or go wrong, becomes frustrated quickly when he cannot do something, temper tantrums when frustrated, becomes upset when routines are changed, responds negatively when given commands, requests, or directions, has extreme reactions in response to loud unexpected noise, temper tantrums when he doesn't get his way, and temper tantrums when he is told to stop doing something he enjoys doing.

Mr. Culmo showed difficulties in seven items in Cognitive Style including uses exceptionally precise speech, attaches very concrete meaning to words, talks about a single subject excessively, displays superior knowledge or skill in specific subjects, displays excellent memory, shows an intense obsessive interest in specific intellectual subjects, and makes naïve remarks.

Mr. Culmo showed difficulties in two items in Maladaptive Speech including speaks with flat tone, affect and uses "yes" and "no inappropriately.
.
DIAGNOSTIC IMPRESSIONS

   Pedophilic Disorder – 302.2
   Autism Spectrum Disorder - 299
   Attention-Deficit/Hyperactivity Disorder – 314.00
   Major Depressive Disorder – 296.32

SUMMARY AND RECOMMENDATIONS

Mr. Justin Culmo is a 40-year-old male who was referred for a risk assessment. Mr. Culmo has no history of prior sexual or violent offenses. He has had a history of mental health issues including Major Depressive Disorder and Attention Deficit Hyperactivity Disorder. He also presents with a history of symptoms consistent with Autism Spectrum Disorder for which he has not received services or treatment. He has had

Forensic Psychological Evaluation
Re: Culmo, Justin – Page 4

minimal treatment which has been limited to medication for the diagnosis of ADHD. Mr. Culmo also exhibited behaviors consistent with a sexual deviance disorder including pedophilic disorder. His developmental disability compounds his difficulties with regulating his sexual behaviors due to cognitive fixations and repetitive behaviors consistent with Autism. He is also markedly impaired for his ability to understand interpersonal and sexual boundaries which impacts his ability to understand and follow appropriate social norms with regard to his interactions in both personal and virtual settings. These are limitations which can be addressed in treatment with special emphasis on altering his cognitive and behavioral symptoms through impact training and developing his understanding of interpersonal and sexual boundaries. He expressed responsibility for his actions and the desire to seek out mental health treatment. It is recommended that he participate in mental health treatment and possible medication management to address his mental health issues and provide guidance in setting appropriate interpersonal and sexual boundaries.

Thank you for referring this client to me for psychological evaluation.


Valerie R. McClain, Psy.D.
Licensed Psychologist

# SPECIALIZED TREATMENT AND ASSESSMENT RESOURCES, P.A.
317 RIVER EDGE BLVD., STE. 202, COCOA, FL 32922
Phone: (321) 338-7555

---

| | |
|---|---|
| ERIC A. IMHOF, PSYD | KIMBERLY G. SPENCE, PHD |
| PRESIDENT/MANAGING PARTNER | SENIOR EXECUTIVE PARTNER |
| DIRECTOR OF FORENSIC SERVICES | CLINICAL DIRECTOR OF AUTISM |
| FLORIDA LICENSED PSYCHOLOGIST | OUTREACH SERVICES |
| ALABAMA LICENSED CLINICAL PSYCHOLOGIST | FLORIDA CERTIFIED PROFESSIONAL EDUCATOR |
| VIRGINIA LICENSED CLINICAL PSYCHOLOGIST | |
| CONNECTICUT LICENSED PSYCHOLOGIST | |

May 14, 2025

Russell Rosenthal, Esq.
Assistant Federal Defender
Office of the Federal Defender
2075 West First St., Ste. 300
Fort Myers, FL 33901

Mr. Rosenthal:

Per your request, I am providing the following summary of the psychological evaluation and risk assessment for future sexual offending conducted with Justin Culmo on April 2, 2025 at the Hernando County Jail in Brooksville, Florida. The evaluation included a review of records (see Appendix A) as well as a six and one quarter hour interview and one and a half hours of psychological testing including the Minnesota Multiphasic Personality Inventory – 3 (MMPI-3) and the Abel Assessment of Sexual Interest - 3 (AASI-3) conducted with Mr. Culmo.

At the time of evaluation, Mr. Culmo was a forty-year-old male born on ▮▮▮▮, 1984 to Nancy and John Culmo in Plantation, Florida. He described his parents separated shortly after his birth and he relocated with his mother to Safety Habor, Florida where he was subsequently raised. Mr. Culmo indicated his mother married Richard in 1990 and they divorced a year later due to Richard's alcohol abuse. He indicated his biological parents remarried when he was eight years of age, divorcing two years later due to his father's physical abuse of his mother and subsequent arrest for domestic violence. Mr. Culmo indicated his mother currently resides in Trinity, Florida. He related a positive but distant relationship with his mother, describing she demonstrated poor boundaries in her relationship with his wife which caused tension and extended periods of his not having contact with her. However, he described that, since his arrest, they communicate on a weekly basis. Mr. Culmo reported his father currently resides in Palm Harbor and that he has a nonexistent relationship with him. He stated that, other than a few "informational" conversations since his arrest, his last contact with his father occurred in 2019. He described his father as having difficulties with anger management and that he was physically abusive to his mother and, on

occasion, he was the focus of his father's abusive behaviors.  Mr. Culmo reported having two paternal half-brothers who are twenty years his senior and an older, paternal half-sister with whom he has a limited relationship.  He reported a remarkable sexual developmental history as a child for exposure to pornography via the internet beginning at the age of nine or ten.  He denied being a victim of sexual abuse.  As an adult, he acknowledged a history of producing and viewing child sexual exploitation material (CSEM), covertly photographing and/or recording prepubescent minors including his own daughters, acquaintances, and strangers as well as fetishistic interests including collecting prepubescent and postpubescent female underwear and observing minor and adult females urinating, all of which were used for masturbatory purposes.  Mr. Culmo acknowledged sexual fantasies involving children.  He acknowledged use of sex (pornography) as a coping mechanism for negative mood states.  He denied knowledge of a family history of alcohol or substance abuse, or mental illness.  He reported a history of criminal involvement for his father as described above.

Mr. Culmo reported he attended Leila Davis Elementary School in Clearwater, Florida.  He described he was given an Exceptional Special Education (ESE)designation in the second grade and was transferred to a self-contained classroom at Lake St. George Elementary School in Palm Harbor, Florida.  While he was uncertain of the qualifying disorder or diagnosis for this designation, he speculated this was based on a diagnosis of Attention-Deficit/Hyperactivity Disorder (ADHD), describing he frequently did not complete assignments and was oppositional with teachers.  At the beginning of the fourth grade, he transferred to a private school, Dunedin Academy, which he attended through the sixth grade before returning to the public school system and ultimately graduating from Countryside High School in Clearwater, Florida.  He reported having few friends in school and, while he described being the target of teasing and bullying in school,  he denied a history of fighting.  Other than oppositional behavior described above, he reported positive relationships with teachers and denied ever hitting a teacher.  He denied being a member of a school sponsored club or sports team; however, he reported being a member of the band in middle and high schools.  Mr. Culmo denied ever having been suspended or expelled, failing or repeating a grade, or participating in vocational programming.  He subsequently enrolled in the University of Central Florida, earning a Bachelor of Science degree in mechanical engineering with a specialty in optics and medical applications.

Mr. Culmo denied a history of military service. He was first employed as a cashier with Winn Dixie grocery store at the age of sixteen, describing he was terminated six months later for missing work due to an illness.  He subsequently secured employment in telephone solicitations, selling magazine subscriptions for eight months before taking a position with Sweetbay grocery stores as a cashier.  He left this job to attend college and, after completing his degree, obtained employment with Quality Thin Films as an engineer.  In 2010, at the age of twenty-six, he accepted a position with Gulf Medical Fiber Optics, describing he was terminated six months later due to errors in his work.  He related he was unemployed for a few months before securing a position with Pall Life Sciences in Pensacola, Florida.   Mr. Culmo described that, three years later, the

Culmo, Justin
Case #: 8:23-cr-00385-VMC-CPT
Page 3 of 11

company began a series of layoffs and his department was eventually eliminated. He was unemployed for one year, sustaining himself by performing odd jobs before securing a six month contract position with Tridien Medical in south Flroida. He was then unemployed for one month before securing a positon with Sigma Services in Plant City, Florida. He described leaving this job in 2017 due to the low pay, commute, and dissatisfaction with his coworkers. He then worked as an Uber driver for two months before securing a position with S. S. White where he was employed until his arrest. Mr. Culmo denied ever failing to make loan or rent payments or filing for bankruptcy.

Mr. Culmo reported having been married on one occasion, marrying Melissa (age 31 at the beginning of the relationship) in November 2018 (November 12, 2017 according to the 1/29/25 Presentence Investigation Report) at the age of thirty-three. He described their relationship as having "…mutual goals and got along on just about every front" but that they separated in 2023 due to "irreconcilable differences." Mr. Culmo reported they began residing together in 2016 until their separation, a total of seven years. He reported having one daughter, ▓▓▓▓▓, from this relationship ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and that he has one stepdaughter, ▓▓▓▓ ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. He described positive relationships with his daughters. He related a satisfactory social life prior to his incarceration. He identified four friends, whom he had known for between six and ten years as his most significant relationships, describing them as a positive influence in his life. He indicated he communicated with them weekly to bimonthly, that they were supportive of him, and that they are aware of his charges but that he has not communicated with them since his arrest. He reported he enjoyed home projects, automotive maintenance, traveling, and car shows in his leisure time. He denied participating in community sponsored sports teams or organizations. He reported being of the nondenominational faith. Mr. Culmo reported first consuming alcohol at age sixteen, describing he consumed one drink, two times per month on average. He reported marijuana use beginning at the age of twenty-four, consuming a couple times a year until his arrest in the index offense. He denied symptoms consistent with alcohol or marijuana abuse or the use of other substances.

Mr. Culmo did not recall discussion of problems with his mother's pregnancy or delivery of him or problems with his attainment of developmental milestones. Other than suffering a broken elbow in middle school, a broken thumb at age nine or ten, and broken wrists at the age of ten and eleven due to accidents or sports related injuries, he denied a history of chronic medical problems, significant surgeries, or hospitalizations. He reported trauma to the head at the age of seven when he fell from his bicycle and struck the right frontal lobe of his head. He denied additional trauma to the head or related loss of consciousness. He reported a history of "seizures" in which he would "zone out" as described below.

Mr. Culmo recalled that, at the age of six or seven, he was evaluated by a number of mental health professionals due to difficulties in school as described above and received varying diagnoses including Oppositional Defiant Disorder, Intellectual Disability, and Attention-Deficit/Hyperactivity Disorder. He indicated that, at the age

of seven, he was placed in an inpatient facility to assess for a seizure disorder related to his "zoning out" and staring at the ceiling but ultimately did not receive a seizure related diagnosis. He reported he was prescribed Ritalin from 1991 to 1996. Mr. Culmo reported his next encounter with mental health services was in 2018 when he participated in weekly outpatient marital counseling following the birth of his daughter, challenges with parenting, and resultant conflict with his wife. He indicated he did not recall details of this counseling, describing his wife terminated their participation after eight months. He described that, in 2020 or 2021, his wife requested they return to marital counseling and they began weekly, outpatient counseling with Sarah Orr, LMFT. Mr. Culmo indicated he found this course of counseling to be beneficial, recalling exercises including the "feeling wheel" and "the four horsemen" to assist in communication with his wife. He indicated Ms. Orr suggested he also participate in individual counseling and, in late 2022, he began outpatient counseling with Aaron Norton, LMHC, LMFT, which focused on depression, fatigue, problem solving, managing daily tasks, and his relationship with his spouse. He described these interventions as helpful. Mr. Culmo indicated he was also prescribed Wellbutrin (antidepressant) beginning in early 2023 until July 2023, describing he terminated use of this medication due to feeling "numb" and "neutral" and that he no longer experienced positive and negative moods. A Forensic Psychological Evaluation dated September 17, 2024 included the following diagnoses: Pedophilic Disorder, Autism Spectrum Disorder, Attention-Deficit/Hyperactivity Disorder, and Major Depressive Disorder. He denied a history of acute inpatient hospitalizations (including Baker Act). He reported suicidal ideation at the time of the investigations by Child Protective Services as described below and at the time of his arrest in the current case but denied gestures or attempts. He denied a history of self mutilatory or homicidal ideation, gestures or attempts.

As a child, Mr. Culmo reported a history of conduct problems in school as described above and shoplifting items of nominal value on a number of occasions; however, he could not recall his age at the onset of this behavior. He denied a history of anger or impulse control problems or engaging in significant risk-taking behaviors. He denied a history of arrest as a juvenile. He reported that, at the age of twenty-one, he was arrested for "street racing" and "accident with great bodily injury." He described another vehicle drove past him at a high rate of speed, lost control, and struck a pedestrian. Although he denied he was racing the other individual, he indicated he was arrested in relation to the incident. Mr. Culmo indicated the charges were dropped to a misdemeanor, adjudication was withheld, and he was placed on one year of probation which he successfully completed. According to a Presentence Investigation Report dated January 29, 2025, the incident occurred on February 22, 2006 in Seminole County, Florida (Case # 06-CF-0867). On November 19, 2008, Mr. Culmo pled nolo contendere to Count III – Leave Scene of an Accident with Property Damage, Count IV – Reckless Driving, and Count V – Give False Name or Identification. Adjudication was withheld and he was placed on twelve months of probation for Count IV and six months of probation on both Counts III and V with all counts to run concurrent. Additional information was not available. Although ultimately unfounded and not resulting in an arrest, Mr. Culmo described he was investigated by Child Protective Services on two occasions related to allegations by

minor females that he was taking pictures of their exposed genitalia.  As you are aware, Mr. Culmo has pled guilty to three counts of Production of Child Pornography, one count of Possession of Child Pornography, one count of Distribution of Child Pornography, and one count of Pornography that is an Adapted or Modified Depiction of a Minor related to covertly producing photographs and/or video of predominantly prepubescent aged females including his daughters, acquaintances, and strangers and making some of those materials to others available to others via the internet between 2012 and August 2023.  He was arrested on September 26, 2023 and has been consistently detained at the Hernando County Jail.  He denied, and available information did not indicate that he has violated any of the rules at the jail or incurred disciplinary actions.  Mr. Culmo pled guilty to all counts on December 5, 2024, was found guilty on December 10, 2024, and is currently pending sentencing.

The MMPI-3 is one of the most extensively researched and widely utilized objective measures of a broad array of psychopathology and personality functioning.  Mr. Culmo produced an inconsistent MMPI-3 profile due to a fixed true response set and did not evidence underreporting of symptoms (fake good) in responding to the test items.  He generated a larger than average number of infrequently endorsed responses. This type of responding may occur in individuals with psychological difficulties who report credible symptoms.  As Mr. Culmo presented with a history of ADHD and related behavioral difficulties, a depressive disorder, and Autism Spectrum Disorder (ASD), the profile is considered valid and interpretable in light of the above cautions.

Mr. Culmo produced elevations on the clinical scales of the instrument suggesting he feels helpless, hopeless, and pessimistic.  He likely feels overwhelmed and experiences life as a strain, perceives that he gets a raw deal from life, and believes he cannot be helped.  In responding to the test items, Mr. Culmo reported self-doubt and futility and is likely to engage in ruminative, self-disparaging and intropunitive thinking.  He reports excessive worry, including worries about misfortune and finances, as well as preoccupation with disappointments.  He acknowledged a history of suicidal ideation and/or past suicide attempts, as well as having made a plan for killing himself.  He should be considered at risk for self-harm and his suicidal ideation should be closely monitored.

Mr. Culmo is likely to present as skeptical of, and emotionally withdrawn from, others.  As a result, he is likely to experience interpersonal difficulties; however, will likely lack insight into how his perceptions contribute to his challenges in relating to others.  He reported a perceived lack of support from family members, some negative feelings about family members, and may blame family members for his difficulties.  He is likely to experience family conflicts and poor family functioning.

Interpersonally, Mr. Culmo reports being talented and as having many brilliant ideas; however, he is likely seen by others as rigid and stubborn in his perceptions and thoughts and as needing approval from others.  Conversely, he also reports being shy, easily embarrassed, and uncomfortable around others.  He is likely to be perceived by

others as inhibited, anxious and nervous in social situations and as socially awkward leading to social introversion.

Objective assessment of Mr. Culmo's sexual interest in twenty-two image categories with the AASI-3 utilizing measurements taken beyond his awareness indicated interest in the Caucasian 5 or less female, 6-13 year old female, adolescent (14 to 17-year-old) female, and adult female categories. For comparison to his objective measures, Mr. Culmo's self-reported ratings indicated sexual interest in the Caucasian and African American adolescent and adult female categories. It is important to note that sexual interest in the adolescent categories on the instrument is considered to be biologically within normal limits; however, if acted upon, is considered to be a serious boundary violation and a violation of law.

The Static-99-R is one of the most well researched and widely accepted actuarial risk assessment tools designed to assess risk for future sexual offending developed on adult males who have been arrested, charged, or convicted of a sexually related offense. In consideration of the minimum/mandatory sentence, the guideline term of imprisonment, and the balance of probabilities in his ultimate sentencing, Mr. Culmo's score is calculated to be a 1 (out of a possible range of -3 to 12) on this instrument at the time of his release back to the community. Recidivism estimates for each score category on the Static-99-R based on updated international samples of sexual offenders released from incarceration since the 1990s revealed significant differences between samples of individuals who were routine correctional offenders and pre-identified as high risk/high need offenders. When compared to the normative sample which most closely matches Mr. Culmo's history (routine correctional offenders), a score of 1 on the Static-99-R would place him in the "Average Risk" category when compared to the normative sample with an associated rate for a future sexual offense of 3.2% (95% confidence interval = 2.7% to 3.7%) at five years post release, 5.1% (95% confidence interval = 3.9% to 6.7%) at ten years, and a projected rate of 6.3% at twenty-years post release. Compared to an international sample of offenders, a score of 1 would place him in the 31st percentile and in a category where the rate for future sexual offending is approximately three quarters the rate of future sexual offending for the typical sex offender (defined as a median Static-99-R score of 2).

The STABLE-2007 measures empirical risk factors that are routinely addressed as part of correctional rehabilitation (i.e., criminogenic needs) for adult males convicted of sexual offenses against a child or non-consenting adult. These factors are considered largely stable in nature; however, are more dynamic or changeable over time and are often the target of intervention to reduce risk. The risk factors are coded on a three-point scale with zero indicating no presence of difficulties on the factor, 1 indicating some problems, and 2 indicating definite problems related to the factor. The STABLE-2007 has been predominantly normed on post-conviction community supervision samples; however, there is a growing body of research which has identified the applicability of this instrument to incarcerated and other populations. Accordingly, the instrument is cautiously applied in Mr. Culmo's case to identify salient variables that may affect risk and should be the focus of intervention. These

variables are likely to change over time as a result of intervention and/or environmental factors and should be reassessed at regular intervals.

<u>Significant Social Influences</u>: Mr. Culmo identified four friends, whom he has known for between six and ten years as his most significant relationships, describing them as positive influence in his life. He indicated he communicated with them weekly to bimonthly while in the community and that they were supportive of him. He has not had contact with them or communicated with them since his arrest on September 26, 2023. Although he identified a number of positive, significant social influences, he has not had contact with them in over a year and scores a 2 on this factor.

<u>Capacity for Relationship Stability</u>: Mr. Culmo indicated he resided with his spouse for approximately six years. He indicated they are in the process of divorcing. He is not currently in a relationship. He scores a 1 on this factor.

<u>Emotional Identification with Children</u>: Mr. Culmo presents with emotional identification with children. He denied, and available information does not indicate he seeks out children for companionship nor did he identify children whom he considers to be friends or seek employment or volunteer work which would bring him into contact with children. However, he acknowledged he finds it easier to talk with children/younger individuals, often spent time playing with the children when in groups of children and adults, and presented with some propensity for childlike interests over adult interest (e.g., preferring theme parks to casinos/bars), that children preferred coming to his residence to play, and that he preferred animated Disney movies to more adult themed movies). Mr. Culmo scores a 1 on this factor.

<u>Hostility Toward Women</u>: Mr. Culmo denied, and available records do not indicate, a history of physical aggression toward women. He reported maintaining friendships with females and identified female coworkers with whom he had positive interactions. He did not express negative or sexist views toward females during the interview. He scores a 0 on this factor.

<u>Social Rejection / Loneliness</u>: Although he reported having a network of friends in the community, Mr. Culmo reported feelings of loneliness. He also reported feelings of rejection by his community, describing he "…always felt like an outsider." He described feelings of rejection by his family, stating "[I never] really had a family." He identified appropriate coping strategies for feelings of loneliness/rejection, describing he would contact friends. He scores a 1 on this factor.

<u>Lack of Concern for Others</u>: Beyond the current offense, Mr. Culmo demonstrated empathic and caring statements and attitudes towards others. He described

himself as helpful to others, offering his time and talents to assist others in need. He scores a zero on this factor.

Impulsive Acts:  Mr. Culmo denied, and available information did not indicate, he engages in thrill seeking behaviors or impulsive acts.  He scores a 0 on this factor.

Poor Cognitive Problem-Solving Skills:   Available information suggests Mr. Culmo is able to identify behaviors and situations which have led to difficulties in his life and pursued counseling to assist him with these difficulties; however, he acknowledged failing to implement learned skills outside of the therapy setting.  He presents with difficulties in formulating alternative responses, evaluating those alternatives, implementing appropriate change, and assessing the outcomes when addressing challenges in his life.  He scores a 1 on this factor.

Negative Emotionality / Hostility:   Mr. Culmo does not have convictions for aggressive behavior and does not currently present with hostility toward others.  He does not present with negative attitudes toward law enforcement personnel or the criminal justice system beyond what is typical in similar cases (e.g., perceiving law enforcement overcharged him in the case, perceiving the sentencing guidelines as excessive compared to other types of offenses, etc.).  He did not express a significant sense of grievance and victimization.  He scores a 0 this factor.

Sex-Drive / Preoccupation:   Mr. Culmo denied, and available information did not indicate, a high rate of impersonal sexual activities, engagement in prostitution, infidelity, or frequenting sexually oriented establishments.  He acknowledged an excessive amount of involvement with pornography and a higher than average rate of sexual and/or masturbatory activity for an individual of his age range.  He scores a 1 on this factor.

Sex as Coping:  Mr. Culmo acknowledged use of a sex as a coping mechanism for negative mood states including feelings of sadness, loneliness, stress, frustration, and poor self-esteem.  He was able to identify alternative coping strategies for these feelings.  He scores a 1 on this factor.

Deviant Sexual Interests:   Mr. Culmo is pending sentencing on a charges related to covertly producing photographs and/or video of predominantly prepubescent aged females including his daughters, acquaintances, and strangers and making some of those materials to others available to others via the internet between 2012 and August 2023.  He also acknowledged use of prepubescent and postpubescent female underwear for masturbatory purposes.  Additionally, his actions also included elements of voyeurism.  As Mr. Culmo has numerous victims of a paraphilic category and presents with other deviant sexual interests, he scores a 2 on this factor.

<u>Cooperation with Supervision</u>: Mr. Culmo has had one previous period of supervision in the community. He reported, and available records did not provide contradictory information, that he successfully completed this period of supervision without incident or violation. He denied, and available information did not indicate, that he has incurred disciplinary actions during his detainment in the Hernando County Jail. Other than perceptions that law enforcement overcharged his case and that the sentencing guidelines for his offense are excessive, he does not present with negative attitudes toward law enforcement personnel or the criminal justice system. He scores a 0 on this factor.

Mr. Culmo scored a 10 out of 24 on the instrument placing him in the Moderate risk category on this instrument. Overall, assessment of dynamic risk factors does not suggest an adjustment from the risk category identified by the Static-99-R.

In summary, Mr. Culmo has pled guilty to three counts of Production of Child Pornography, one count of Possession of Child Pornography, one count of Distribution of Child Pornography, and one count of Pornography that is an Adapted or Modified Depiction of a Minor related to covertly producing photographs and/or video of predominantly prepubescent aged females including his daughters, acquaintances, and strangers and making some of those materials available to others via the internet between 2012 and August 2023. He is currently pending disposition of these charges. Available information suggests Mr. Culmo qualifies for diagnoses of Pedophilic Disorder, non-exclusive type, sexually attracted to females; Fetishistic Disorder; Voyeuristic Disorder, and Other Specified Paraphilic Disorder (Urophilia). While not formally assessed in this evaluation, the following diagnoses are provided by history: Autism Spectrum Disorder (by history) and Attention-Deficit/Hyperactivity Disorder (by history). It is also noted that he has previously been diagnosed with Major Depressive Disorder and, while he reported some symptomatology of depression in the current evaluation, he reported the duration of these depressive episodes is a few hours which falls short of the minimum duration of two weeks to qualify for a major depressive episode. As available information did not provide a detailed foundation for the conclusion of Major Depressive Disorder, this diagnosis is provided provisionally until such time as additional clarification can be obtained. It is important to recognize diagnoses do not determine the course of the disorder or risk for future behavior; therefore, assessment of static and dynamic risk factors and comparison to known samples of recidivists with similar characteristics is critical. In Mr. Culmo's case, this assessment indicates that he will be similar to a group of offenders considered to be in the "Average Risk" category at the time of his release back to the community with the associated recidivism rates of approximately 3.2% at five years, 5.1% at ten years, and a projected rate of 6.3% in twenty-years post release back to the community.

As Mr. Culmo meets criteria for a number of Paraphilic Disorders, sex offender specific treatment with a provider qualified by training and experience to treat sexual offenders and aberrant sexual interest is recommended. This program should include a cognitive behavioral component to reduce his risk for reoffending as well as an arousal reconditioning component to address his sexual interest in prepubescent individuals.

Although he presents with assessed sexual interest in prepubescent minors, it is critical to note that his interest in this age group is assessed to be toward females which is associated with a lower risk than individuals who have a sexual interest in prepubescent males.  Additionally, his interest is not exclusive to prepubescent aged individuals as he has self-reported and objectively assessed interest in adult females as well as reported behaviors with age-appropriate adult females which is associated with a better prognosis for treatment.  Interventions are most effective and garner the most significant long-term benefits when provided in close proximity to the offense behavior, noting that the simple passage of time in a secured environment has not been empirically demonstrated to reduce risk.  Therefore, it is recommended that Mr. Culmo be assigned to a Bureau of Prisons facility which provides the services delineated above and that Mr. Culmo avail himself of these services as soon as possible.  His participation in an intensive sex offender treatment program will further mitigate his risk as the empirical literature has indicated that those offenders who complete a comprehensive treatment program as described above are up to 37% percent less likely to commit a sexual offense in the future.  Further, it is recommended that Mr. Culmo be placed on community supervision an in mental health counseling upon his return to the community as it is noted some studies have indicated individuals who participate in community supervision in conjunction with mental health treatment focused on sex offense issues reoffended 66% less than those individuals who did not participate in these services.  Lastly, research has indicated that, in lieu of any significant involvement with the criminal justice system, his risk will be reduced by half in approximately five years suggesting this as an appropriate time frame for the termination of supervision should the court consider this option.

The above assessment is based on available information and is subject to revision should additional information become available in the future.  If I may be of further assistance, please contact me at (321) 338-7555.

Sincerely,

Eric A. Imhof, Psy.D.
Licensed Psychologist (Florida - PY 6061)
Licensed Clinical Psychologist (Virginia - # 0810002517)
Licensed Clinical Psychologist (Alabama - # 1635)
Licensed Psychologist (Connecticut - # 4953)

Culmo, Justin
Case #:  8:23-cr-00385-VMC-CPT
Page 11 of 11

# APPENDIX A

## SOURCES OF INFORMATION

This evaluation is based on information obtained from the following:

<u>Records provided by Office of the Federal Public Defender</u>:

1) Report of Investigation (7/31/23; 3 pp.)
2) Report of Investigation (7/31/23; 3 pp.)
3) Report of Investigation (8/10/23; 3 pp.)
4) Forensic Interview Report (8/14/23; 3 pp.)
5) Report of Investigation (9/11/23; 2 pp.)
6) Report of Investigation (9/11/23; 2 pp.)
7) Report of Investigation (9/22/23; 7 pp.)
8) Criminal Complaint (9/26/23; 25 pp.)
9) Report of Investigation (10/2/23; 2 pp.)
10) Report of Investigation (10/5/23; 3 pp.)
11) Report of Investigation (10/5/23; 5 pp.)
12) Report of Investigation (10/10/23; 3 pp.)
13) Report of Investigation (10/11/23; 6 pp.)
14) Report of Investigation (10/12/23; 2 pp.)
15) Report of Investigation (10/12/23; 2 pp.)
16) Report of Investigation (10/19/23; 4 pp.)
17) Report of Investigation (10/19/23; 2 pp.)
18) Report of Investigation (10/19/23; 3 pp.)
19) Report of Investigation (10/24/23; 2 pp.)
20) Report of Investigation (10/24/23; 2 pp.)
21) Report of Investigation (10/24/23; 2 pp.)
22) Report of Investigation (11/7/23; 2 pp.)
23) Report of Investigation (11/13/23; 2 pp.)
24) Report of Investigation (11/16/23; 2 pp.)
25) Report of Investigation (11/16/23; 3 pp.)
26) Report of Investigation (11/27/23; 2 pp.)
27) Report of Investigation (3/4/24; 3 pp.)
28) Report of Investigation (4/9/24; 5 pp.)
29) Notice of Appearance and Substitution of Counsel (5/8/24; 2 pp.)
30) Untitled document [transcript from University of Central Florida] (6/26/24; 3 pp.)
31) Untitled document [Pinellas County Schools transcript] (no date [circa 7/8/24]; 25 pp.)
32) Untitled document [Scribbles Software cover page] (7/8/24; 1 p.)
33) Forensic Psychological Evaluation (9/17/24; 4 pp.)
34) Superseding Information (11/25/24; 6 pp.)
35) Presentence Investigation Report (1/29/25; 41 pp.)

Your Honor,

      For more than a year I've wondered what, if anything, I could speak or write. At the end I can simply say that I want to apologize for the crimes I have committed against my children and all the other victims in this case. I lived a double life for many years, one that has now come to an end in the most shameful way possible. I only have myself and my own actions to blame and I take full responsibility for all the hurt, pain, and trauma I have caused. I understand that I cannot undue my actions. All I can do is focusing on bettering myself. I've spent the last 2 years discovering more about myself than I've ever known through 40 years of life. More importantly, I do hope that the end of the court proceedings will help those I have hurt start to put this matter behind them.

Thank you,
Justin Culmo