**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CLERK'S MINUTES**

| | |
|---|---|
| **CASE NO.:** 8:23-cr-385-VMC-CPT | **DATE:** May 20, 2025 |
| **HONORABLE VIRGINIA M. HERNANDEZ COVINGTON** | |
| | **GOVERNMENT COUNSEL** <br> Abigail King, AUSA |
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **JUSTIN RYAN CULMO** | Russell K. Rosenthal, AFPD |
| **COURT REPORTER:** Lori Cecil Vollmer | **DEPUTY CLERK:** Magaly Justiniano |
| **TIME:** 11:03 AM – 1:15 PM <br> **TOTAL:** 2 hrs, 12 mins | **COURTROOM:** 14B |
| | **PROBATION:** Tyler Campbell |

**PROCEEDINGS:** CRIMINAL MINUTES – SENTENCING REFORM ACT MINUTES

Court called to order. Case Agents Brooke Harville, Laura Anderson, and Gaertner with Homeland Security seated at counsel table.

Statements made by counsel.

Defendant is adjudged guilty on Counts One, Two, Three, Four, Five, and Six of the Superseding Information.

AUSA King reads victim impact statements into the record.

Jared Buchman, Melissa Odougherty, Ginger Tatarzewski, and Adrian Odougherty made victim impact statements.

Statements made by counsel regarding what an appropriate sentence would be for the defendant.

Defendant chose to allocute.

Imprisonment: **NINE HUNDRED (900) MONTHS. This term consists of a 360-month term as to Counts One, Three, and Four, to run concurrently; a 240-month term as to Count Two, to run consecutive to Counts One, Three, and Four; a 120-month term as to Count Five, to run consecutive to Counts One,**

**Two, Three, and Four; and a 180-month term as to Count Six, to run consecutive to Counts One, Two, Three, Four, and Five.**

The Court makes the following recommendations to the Bureau of Prisons:

- Defendant be allowed to participate in the UNICOR program.

Supervised Release: **LIFE. This term consists of a Life term as to Counts One through Six, all such terms to run concurrently.**

Fine is **waived**.

Restitution: Deferred. Defendant waives his presence at the restitution hearing.

Special Assessment: **$600.00** to be paid immediately.

Special conditions of supervised release:

1. Defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the Probation Officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.
2. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.
3. Defendant shall provide the Probation Officer access to any requested financial information.
4. Defendant shall participate in a mental health program specializing in sex offender treatment and submit to polygraph testing for treatment and monitoring purposes. Defendant shall follow the Probation Officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the Probation Officer base on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.
5. Defendant shall register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by your Probation Officer. The Probation Officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct you to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.
6. Defendant shall have no direct contact with minors (under the age of 18) without the written approval of the Probation Officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, playgrounds, etc.
7. Defendant is prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude and/or in sexually explicit positions.
8. Defendant shall not possess or use a computer with access to any online service at any location (including employment) without written approval from the Probation Officer. This includes access through any Internet service provider, bulletin board system, or any public or private computer network system. Defendant shall permit routine inspection of your computer system, hard drives, and other medial storage materials, to confirm adherence to this condition. This inspection shall be no more intrusive than is necessary to ensure compliance with this condition. Defendant shall inform your employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provision of the condition.
9. Defendant shall have no contact, direct or indirect, with the victims.
10. Defendant shall submit to a search of your person, residence, place of business, any storage units under Defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a

reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release.  Failure to submit to a search may be grounds for revocation.  You shall inform any other residents that the premises may be subject to a search pursuant to this condition.

Defendant is remanded to the custody of the US Marshal.

The Underlying Indictment is dismissed on the motion of the United States.

Defendant advised of right to appeal and to counsel on appeal.

Forfeiture ordered by the Court. Forfeiture order entered on 04/01/2025 is made a part of the Judgment.

GUIDELINE RANGE DETERMINED BY THE COURT AT SENTENCING

| | |
|---|---|
| Total Offense Level | 43 |
| Criminal History Category: | I |
| Imprisonment Range | 1740 months |
| Supervised Release Range | 5 years-life supervised release, as to Counts One through Six |
| Restitution: | deferred |
| Fine Range | $50,000 to $500,000 |
| Special Assessment | $600.00 |
| JVTA Assessment | $5,000 per count |
| AVAA Assessment | Up to $50,000 per count |