Justin Ryan Culmo
8:23-cr-385-VMC-CPT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**              Case Number: 8:23-cr-385-VMC-CPT

v.                                        USM Number: 79622-510

**JUSTIN RYAN CULMO**                     Russell K. Rosenthal, AFPD

## JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Counts One, Two, Three, Four, Five, and Six of the Superseding Information. Defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
| --- | --- | --- | --- |
| 18 U.S.C. §§ 2251(a) and (e) | Production of Child Pornography | In or about 2012 | One |
| 18 U.S.C. §§ 2252(a)(2) and (b)(1) | Distribution of Child Pornography | In or about 2014 | Two |
| 18 U.S.C. §§ 2251(a) and (e) | Production of Child Pornography | In or about September 2018 | Three |
| 18 U.S.C. §§ 2251(a) and (e) | Production of Child Pornography | In or about August 2023 | Four |
| 18 U.S.C. § 2252(a)(4)(B) and (b)(2) | Possession of Child Pornography | In or about September 2023 | Five |
| 18 U.S.C. § 2252A(a)(7) | Production of Child Pornography that is an Adapted or Modified Depiction of a Minor | In or about September 2023 | Six |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The Underlying Indictment is dismissed on the motion of the United States.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Judgment:

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Justin Ryan Culmo**
8:23-cr-385-VMC-CPT

May 20, 2025

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

May 21, 2025

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Justin Ryan Culmo**
8:23-cr-385-VMC-CPT

# IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **NINE HUNDRED (900) MONTHS**. This term consists of a 360-month term as to Counts One, Three, and Four, to run concurrently; a 240-month term as to Count Two, to run consecutive to Counts One, Three, and Four; a 120-month term as to Count Five, to run consecutive to Counts One, Two, Three, and Four; and a 180-month term as to Count Six, to run consecutive to Counts One, Two, Three, Four, and Five.

The Court makes the following recommendations to the Bureau of Prisons:

- Defendant be allowed to participate in the UNICOR program.

Defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

**Justin Ryan Culmo**
8:23-cr-385-VMC-CPT

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant will be on supervised release for a term of **LIFE**. This term consists of a Life term as to Counts One through Six, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.
5. Defendant shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
6. Defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the Probation Officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

Defendant shall also comply with the additional conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Justin Ryan Culmo
8:23-cr-385-VMC-CPT

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, Defendant will receive instructions from the court or the Probation Officer about how and when Defendant must report to the Probation Officer, and Defendant must report to the Probation Officer as instructed.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.
3. Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. Defendant shall answer truthfully the questions asked by your Probation Officer
5. Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours**.
10. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Justin Ryan Culmo
8:23-cr-385-VMC-CPT

   with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.

13. Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature: _____   Date: _____

Justin Ryan Culmo
8:23-cr-385-VMC-CPT

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the Probation Officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

2. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

3. Defendant shall provide the Probation Officer access to any requested financial information.

4. Defendant shall participate in a mental health program specializing in sex offender treatment and submit to polygraph testing for treatment and monitoring purposes. Defendant shall follow the Probation Officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the Probation Officer base on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

5. Defendant shall register with the state sexual offender registration agency(s) in any state where you reside, visit, are employed, carry on a vocation, or are a student, as directed by your Probation Officer. The Probation Officer will provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S.943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct you to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

6. Defendant shall have no direct contact with minors (under the age of 18) without the written approval of the Probation Officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, playgrounds, etc.

7. Defendant is prohibited from possessing, subscribing to, or viewing, any video, magazine, or literature depicting children in the nude and/or in sexually explicit positions.

8. Defendant shall not possess or use a computer with access to any online service at any location (including employment) without written approval from the Probation Officer. This includes access through any Internet service provider, bulletin board system, or any public or private computer network system. Defendant shall permit routine inspection of your computer system, hard drives, and other medial storage materials, to confirm adherence to this condition. This inspection shall be no more intrusive than is necessary to ensure compliance with this condition. Defendant shall inform your employer, or other third party who may be impacted by this condition, of this computer-related restriction and the computer inspection provision of the condition.

9. Defendant shall have no contact, direct or indirect, with the victims.

10. Defendant shall submit to a search of your person, residence, place of business, any storage units under Defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for

**Justin Ryan Culmo**
8:23-cr-385-VMC-CPT

revocation. You shall inform any other residents that the premises may be subject to a search pursuant to this condition.

Justin Ryan Culmo
8:23-cr-385-VMC-CPT

# CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| <u>Assessment</u> | <u>Restitution</u> | <u>Fine</u> | <u>AVAA Assessment</u> | <u>JVTA Assessment</u> |
|---|---|---|---|---|
| $600.00 | DEFERRED | WAIVED | Not Imposed | Not Imposed |

The determination of restitution is deferred. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

# SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment shall be paid in full and is due immediately.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

# ]FORFEITURE

Defendant shall forfeit to the United States those assets that are subject to forfeiture as previously identified in the Order of Forfeiture and any subsequent orders.